IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHAEL LAWRENCE BURGESS,**

    **Petitioner,**

                                                          Civil Action 2:16-cv-0020
    **v.**                                         Criminal No. 2:04-cr-147
                                                              Judge Frost
                                                               Magistrate Judge King

**UNITED STATES OF AMERICA,**

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner was convicted of possession of cocaine base with intent to distribute, possession of a firearm in furtherance of a drug trafficking crime, and possession of ammunition after having been convicted of felonies, and was sentenced as a career offender to an aggregate term of 360 months' imprisonment. *Amended Judgment*, ECF No. 68. On December 20, 2007, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, *Motion to Vacate*, ECF No. 70. which this Court denied. *Opinion and Order*, ECF No. 77. The United States Court of Appeals for the Sixth Circuit denied petitioner's subsequent application for a certificate of appealability. *Burgess v. United States of America*, Case No. 10-3893 (6th Cir. Mar. 4, 2011).[1] This matter is now before the Court on petitioner's second motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, *Motion to Vacate*, ECF No. 119.

---

[1] Over the years, petitioner has also filed a number of other motions addressing his sentence.

1

In this filing, petitioner seeks to challenge his career offender status in light of the recent decision of the United States Supreme Court in *Johnson v. United States*, -- U.S. --, 135 S.Ct. 2251 (2015).

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. §§ 2244(b)(3)(A), 2255(h).  Where a district court determines that a motion to vacate constitutes a successive motion, *see In re Smith*, 690 F.3d 809 (6th Cir. 2012), that court lacks jurisdiction to entertain the motion to vacate unless the court of appeals has authorized the filing.  Absent that approval, a district court in the Sixth Circuit must transfer the motion to vacate to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Because petitioner filed an earlier motion to vacate, the *Motion to Vacate* presently before the Court constitutes a second or successive motion to vacate within the meaning of 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). This Court must therefore transfer the matter to the Sixth Circuit for authorization to consider the *Motion to Vacate*, ECF. No. 119.

The Court of Appeals will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

>   (2) a new rule of constitutional law, made retroactive to
>   cases on collateral review by the Supreme Court, that was
>   previously unavailable.

28 U.S.C. § 2255(h).

Under these circumstances, it is **RECOMMENDED t**hat petitioner's *Motion to Vacate*, ECF No. 119, be transferred to the United States Court of Appeals for the Sixth Circuit.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely

3

objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).


January 12, 2016                             *s/  Norah McCann King*
                                             Norah McCann King
                                             United States Magistrate Judge