IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MICHAEL BURGESS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 2:16-cv-0020
Crim. No. 2:04-cr-147
JUDGE ALGENON L. MARBLEY
Magistrate Judge King

## ORDER

Petitioner, a federal prisoner, has filed the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 124), claiming that he was improperly sentenced as a career offender under § 4B1.1 and § 4B1.2 of the United States Sentencing Guidelines ("the Guidelines") because his prior Ohio convictions for burglary and aggravated assault no longer qualify as "crimes of violence" within the meaning of the career offender provisions of the Guidelines. Petitioner bases his claim on *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015), which held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. *See also United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016) (holding that the residual clause of the Guidelines' career offender provision is also unconstitutionally vague). On September 29, 2016, the United States Court of Appeals for the Sixth Circuit granted Petitioner's request to file this successive § 2255 action, but instructed this Court to hold proceedings in abeyance pending a decision in *Beckles v. United States*, 579 U.S. —, 136 S.Ct. 2510 (2016)(granting the petition for a writ *of certiorari*), regarding the claim at issue in this action. *In re: Michael Lawrence Burgess*, No. 16-3195 (6th Cir. Sept. 29, 2016).

On March 6, 2017, the United States Supreme Court held that the Guidelines are not subject to a vagueness challenge under the Due Process Clause, and that the residual clause in § 4B1.2(a)(2) is therefore not void for vagueness. *Beckles v. United States*, 580 U.S. —, 2017 WL 855781 (2017). The Supreme Court reasoned that "[u]nlike the ACCA, . . . the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause." *Beckles*, 580 U.S. at —, 2017 WL 855781, *6.

Based on the Supreme Court's *Beckles* decision, it now appears to this Court that "the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Under these circumstances, Rule 4(b) requires that "the judge must dismiss the motion . . . ."

Consequently, the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 124) is **DISMISSED.**

**IT IS SO ORDERED.**

                                               <u>s/ Algenon L. Marbley</u>
                                               **ALGENON L. MARBLEY**
                                               **UNITED STATES DISTRICT JUDGE**

**Dated: March 14, 2017**